IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL MAYO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3123 |
| | § | |
| PASADENA POLICE | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Samuel Mayo, proceeding *pro se*, sued the Pasadena Police Department and the "Harris County Sheriff Department" for alleged violations of his constitutional rights. Mayo sued under 42 U.S.C. § 1983 and Article 21.11 of the Texas Code of Criminal Procedure, seeking $5 million in damages plus attorney's fees. (Docket Entry No. 1). Both defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants argue that they are not entities that can be sued and that Mayo's claims are time-barred. (Docket Entry No. 5, 7). Mayo filed several documents responding to these motions and seeking leave to amend his pleadings. (Docket Entries No. 8, 11, 14, 19, 20). Mayo sought leave to file a first amended complaint adding several factual allegations, a second amended complaint adding claims under the Texas Tort Claims Act, and a third amended complaint to name as defendants the City of Pasadena and Harris County. The defendants responded to these filings. (Docket Entries No. 9, 10, 15, 16). This court heard oral argument on the motions from defense counsel and from Mayo at a hearing on February 1, 2013. (Docket Entry No. 21). The Police Department supplemented its motion to dismiss, raising the additional argument that Mayo could

not state a claim for relief under the Texas Tort Claims Act even if he were to seek leave to amend to do so. (Docket Entry No. 22).

Based on the pleadings, the motions and responsive briefing, the arguments of counsel and the plaintiff, and the relevant law, this court grants the defendants' motions to dismiss. This court also denies Mayo's motions for leave to amend because further amendment would be futile, and enters final judgment by separate order. The reasons for these rulings are explained below.

## I. Background

The events giving rise to Mayo's claims, as alleged in his pleadings and proposed amended pleadings, are as follows:

- May 16 or May 17, 2010: a Pasadena Police Department officer stopped Mayo at a traffic stop. The officer arrested Mayo for driving under the influence and took him to the Harris County jail. Mayo asked for medical care but it was denied. (Docket Entry No. 1, ¶¶ 6–9).

- May 16 or May 17, 2010: at the Harris County jail, Mayo was mistreated by his jailers and fellow inmates. Another inmate sexually assaulted him while he was incapacitated due to his untreated medical needs. (*Id.*, ¶ 6).

- September to November 2010: the State of Texas prosecuted Mayo for his offense. (Docket Entry No. 11, ¶ 15; Docket Entry No. 14, ¶ 31–32).

- October 11, 2010: Mayo filed a motion to have his criminal case dismissed for lack of evidence. (Docket Entry No. 14, ¶ 31).

- November 5, 2010: Mayo's case was dismissed. (*Id.*)

- October 19, 2012: Mayo filed this lawsuit. (Docket Entry No. 1).

2

- October 25, 2012: Mayo learned that his criminal case was dismissed for reasons other than "no evidence" and that a tape of his arrest was ordered destroyed. (Docket Entry No. 14, ¶¶ 31–33).

The Police Department and the Sheriff's Department moved to dismiss on the grounds that Mayo had sued the wrong entities. The Police Department argued that the City of Pasadena, not the Police Department, was the proper party. (Docket Entry No. 7, ¶ 6). The Sheriff's Department similarly argued that Harris County was the proper party. (Docket Entry No. 5, ¶ 7). Mayo addressed these arguments in his motion for leave to file an amended complaint naming the City of Pasadena and Harris County as defendants. (Docket Entry No. 20).

Both the Pasadena Police Department and the Sheriff's Department also argued that Mayo's claims were time-barred. (Docket Entry No. 5, ¶¶ 4–6; Docket Entry No. 7, ¶¶ 7–9). The parties argued that this court should not grant Mayo leave to amend to name the proper defendants because Mayo had no claims that were timely. When Mayo argued that he should be allowed to amend to assert tort claims under Texas state law, (Docket Entry No. 19, ¶ 11), the defendants responded that any state-law tort claims were also barred because Mayo had not given the defendants the required presuit statutory notice and because he could not meet the statutory requirements of a statutory tort claim under Texas law. (Docket Entry No. 22).

These arguments and their responses are discussed below.

## II.     The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short

and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also Richardson v. Keffer*, 471 F. App'x 304, 305 (5th Cir. 2012) ("Although Rule 15 requires leave to be freely given, 'leave to amend . . . is by no means automatic.'" (quoting *Rourke v. Thompson*, 11 F.3d 47, 51 (5th Cir. 1993))); *Mosley v. Bowie County*, 275 F. App'x 327, 328 (5th Cir. 2008) ("The record is devoid of reasons for the denial of leave to amend the complaint; accordingly, the denial of such leave constitutes and abuse of discretion."); *United States ex rel. Adrian v. Regents of the Univ. of*

*Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (citation omitted)).  A plaintiff, however, should be denied leave to amend a complaint if the court determines that the "proposed amendment . . . clearly is frivolous" or "advanc[es] a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010); *see also Rio Grande Royalty Co. v. Energy Transfer Partners*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss."); *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'"  (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## II.     Analysis

The threshold issue is whether Mayo filed his claims too late.  There is no specific federal statute of limitations for 42 U.S.C. § 1983 claims for constitutional violations.  Federal courts borrow the forum state's general or residual tort limitations period.  *Rodriguez v. Holmes*, 963 F.2d 1178, 1184 (5th Cir. 1992).  In Texas, that is two years.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Brummett v. Camble*, 946 F.2d 172, 175 (5th Cir. 1988).  Accrual begins "when the plaintiff knows or has reason to know the injury which is the basis of the action."  *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

Mayo's claims based on his arrest, the events at the jail, and failure to provide medical care are clearly untimely. They took place in May 2010, and Mayo was aware of the factual basis at the time. He did not sue until October 2012. Mayo cites various "discovery rule" principles. They do not help here because Mayo's own complaint recognizes that he was aware of the facts and the injury when the events took place. Mayo cites the Texas five-year statute of limitations for personal injury based on sexual assault. TEX. CIV. PRAC. & REM. CODE ANN. § 16.0045. But the general, two-year period — not the special five-year period — applies to § 1983 suits. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

The rest of Mayo's claims (and proposed claims) are based on false arrest or malicious prosecution. The court assumes that the named defendants rather than the State of Texas are the proper parties for such claims. Mayo knew the factual basis for these claims by October 11, 2010, when he moved to quash or dismiss the state criminal charges for insufficient evidence. The false arrest and malicious prosecution claims in his present lawsuit have the same basis as the motion he filed in state court on October 11, 2010. Section 1983 claims based on false arrest are subject to the Texas general two-year limitations period. *See, e.g.*, *Harris v. Rivera*, 2013 WL 246709, at *5 (N.D. Tex. Jan. 23, 2013). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . , where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). There is no "freestanding § 1983 malicious prosecution claim." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812–13 (5th Cir. 2010). "Texas law requires that 'a person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues.'" *Fatan v. Tillman*, 2013 WL 789236, at *3 (E.D. Tex. Jan. 31, 2013) (quoting TEX. CIV. PRAC. & REM.

6

CODE ANN. § 16.002(a); *Roehrs v. Conesys, Inc.*, 332 F. App'x 184, 189 (5th Cir. 2009)). Mayo was subjected to the legal process from May to November 2010. Any false-arrest or malicious-prosecution claim would be time-barred because Mayo did not file this suit until October 19, 2012.

Mayo relies on later-discovered evidence that might tend to show prosecutorial misconduct, including that his case was dismissed for reasons other than "no evidence" and that a tape of his arrest was ordered to be destroyed. Mayo seeks to toll limitations until the date he discovered this evidence. This argument fails because Mayo's cause of action accrued when the events occurred, long before he discovered this additional evidence. Mayo filed this suit alleging that he had been falsely arrested, imprisoned, and prosecuted, yet he did not learn about the additional evidence until six days later. His original complaint in this court did not include explicit malicious-prosecution allegations, but those allegations are based on the same arguments as the false arrest and imprisonment allegations. Mayo alleged in his original complaint that he was prosecuted despite the fact that "[e]veryone [k]new he was not guilty of a DWI violation[ ]" and had been arrested without probable cause. (Docket Entry No. 1, ¶¶ 12–13). These claims are time-barred, too.

Mayo also refers at various points to a four-year limitations period for fraud claims. The closest claim to a fraud claim in this case is the proposed claim for malicious prosecution. That claim has a one-year limitations period under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a). If Mayo could bring a § 1983 claim based on events surrounding his arrest or prosecution, it would be subject to a two-year, not a four-year, limitations period. *See Owens*, 488 U.S. at 248. In any event, Mayo has identified no facts that could support a fraud claim. Mayo's only "fraud" allegations are that he was told on the first day of his criminal hearing that he could not represent himself, and that he could not have court-appointed counsel because someone had posted

7

his bond for him. (Docket Entry No. 11, at 10). Neither defendant is alleged to have been involved in either of these statements.

Mayo's proposed amendment to assert Texas Tort Claims Act claims is similarly futile. Mayo failed to provide notice of his claim within six months after the incident giving rise to his claim occurred, as required by TEX. CIV. PRAC. & REM. CODE ANN. § 101.101. This section of the Tort Claims Act provides that a governmental unit is entitled to receive adequate notice of the claim against it. *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995); *Texana Comm. MHMR v. Silvas*, 62 S.W.3d 317, 324 (Tex. App.—Corpus Christi 2001, no pet.). "These notice provisions are akin to statutes of limitation, and suit is precluded if they are not complied with." *Smith v. City of Houston*, 960 S.W.2d 326, 328 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (footnote omitted); *see also Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). Even if Mayo had given timely notice, he failed to identify any facts showing that he sustained personal injury caused by a condition or use of tangible property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *City of Sugarland v. Ballard*, 174 S.W.3d 259, 268 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Mayo's claim is based on improper supervision of him by governmental employees, or maltreatment, but those claims do not fall under the Texas Tort Claims Act's limited waiver of governmental immunity. *See Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005).

In sum, both the defendants, even if correctly named, are entitled to dismissal. It would be futile to allow Mayo to amend his pleadings in light of these deficiencies. Even if Mayo were allowed to amend to name the correct parties, add additional facts, and assert additional causes of action, any claims he could allege would be time-barred. This suit must be dismissed, with

prejudice.

## III. Conclusion

The defendants' motions to dismiss are granted. Mayo's motions for leave to amend are denied because amendment would be futile. An order of final judgment is separately entered.

SIGNED on April 8, 2013, at Houston, Texas.

                                                    Lee H. Rosenthal
                                         United States District Judge