**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SAMUEL MAYO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3123 |
| | § | |
| PASADENA POLICE | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

The plaintiff, Samuel Mayo, sought $5 million dollars from the City of Pasadena, Texas, initially sued as the Pasadena Police Department, and Harris County, Texas, sued as the County's Sheriff's Department.  Mayo, representing himself, alleged constitutional violations occurring in May 2010 and sued under 42 U.S.C. § 1983 and the Texas Code of Criminal Procedure, Art. 21.11.  (Docket Entry No. 1).  After a hearing, on April 8, 2013, this court entered a Memorandum and Order and Final Judgment dismissing the plaintiff's case with prejudice and without leave to amend under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entries No. 23, 24).  On May 10, 2013, the plaintiff filed a "motion to reinstate" his case, arguing that this court erred in failing to apply the proper limitations period to his claims and in stating that the plaintiff suffered some of the alleged abuse at the Harris County jail facility rather than the City of Pasadena jail facility, and also arguing failures to comply with Texas state-law procedural rules.  That motion was denied, in an order noting that the court had considered and rejected the limitations arguments, that the factual discrepancy about the jail facilities does not affect the limitations analysis, and that the procedural rules that apply to the courts of the State of Texas did not provide a basis for relief.  (Docket Entry No. 28).

The plaintiff appealed to the Fifth Circuit, and the appeal was dismissed.  (Docket Entries No. 30, 53, 54).  After the appellate court dismissed the appeal, the plaintiff filed a lengthy motion for relief from this court's judgment, asserting fraud in the actions taken to obtain the dismissal and relying on Federal Rule of Civil Procedure 60(b)(3).  (Docket Entry Nos. 56, 57).  The defendants filed responses to the motion.  (Docket Entry No. 58, 59).

The record, the motions and responses, and the applicable law clearly show that there is no basis on which the relief plaintiff seeks is appropriately granted.  "A party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'"  *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (quoting *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990), and *Montgomery v. Hall*, 592 F.2d 278, 278–79 (5th Cir. 1979)).  "'The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect.'"  *Id.* (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995)).  There is no basis to conclude that there was any fraud, misrepresentation, or misconduct, by either of the defendants or by the others the plaintiff alleges applied improper procedures or engaged in improper conduct in order to dismiss this case.

The motion for relief from judgment is denied.

SIGNED on August 20, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge